IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER, INC., ) <br> PFIZER IRELAND PHARMACEUTICALS,) <br> WARNER-LAMBERT COMPANY, ) <br> WARNER-LAMBERT COMPANY, LLC ) <br> and ) <br> WARNER-LAMBERT EXPORT LTD., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TEVA PHARMACEUTICALS USA, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 07-360-JJF |

## ANSWER OF DEFENDANT TEVA PHARMACEUTICALS USA, INC.

Defendant, Teva Pharmaceuticals USA, Inc. ("Teva"), hereby answers the Complaint filed by Pfizer, Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, Warner-Lambert Company, LLC and Warner-Lambert Export Ltd. (collectively referred to as "Pfizer"), as follows:

1. Teva admits that the Complaint purports to state an action for infringement of U.S. Patent No. 5,273,995 ("the '995 patent"). Teva admits that a copy of the '995 patent was attached to the Complaint as Exhibit A.

2. Teva admits that the '995 patent, entitled "[R-(R*,R*)]-2-(4-Fluorophenyl)-$\beta$, $\delta$-Dihydroxy-5-(1-Methylethyl-3-Phenyl-4-[(Phenylamino) Carbonyl]-1H-Pyrrole-1-Heptanoic Acid, Its Lactone Form And Salts Thereof," issued on December 28, 1993 and that Bruce D. Roth is the sole named inventor on the '995 patent. Teva admits that the '995 patent is assigned on its face to Warner-Lambert Company.

**PARTIES, JURISDICTION AND VENUE**

3. On information and belief, Teva admits the allegations contained in paragraph 3 of the Complaint.

4. On information and belief, Teva admits the allegations contained in paragraph 4 of the Complaint.

5. On information and belief, Teva admits the allegations contained in paragraph 5 of the Complaint.

6. On information and belief, Teva admits the allegations contained in paragraph 6 of the Complaint.

7. On information and belief, Teva admits the allegations contained in paragraph 7 of the Complaint.

8. On information and belief, Teva admits the allegations contained in paragraph 8 of the Complaint.

9. Teva lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies the allegations of paragraph 9 of the Complaint.

10. On information and belief, Teva admits the allegations contained in paragraph 10 of the Complaint.

11. Teva admits that the '995 patent is listed in the Orange Book with respect to the Lipitor® product. Teva denies any remaining allegations in paragraph 11 of the Complaint.

12. Teva admits the allegations contained in paragraph 12 of the Complaint.

13. Teva admits the allegations contained in paragraph 13 of the Complaint.

14. Teva admits the allegations contained in paragraph 14 of the Complaint.

15.   Teva admits the allegations contained in paragraph 15 of the Complaint.

16.   Teva admits the allegations contained in paragraph 16 of the Complaint.

## FIRST CLAIM FOR RELIEF: INFRINGEMENT OF THE '995 PATENT

17.   In response to the allegations contained in paragraph 17 of the Complaint, Teva realleges paragraphs 1-16 as if fully set forth herein.

18.   Teva admits the allegations contained in paragraph 18 of the Complaint.

19.   Teva admits the allegations contained in paragraph 19 of the Complaint.

20.   Teva admits that the electronic Orange Book indicates that Lipitor® is eligible under section 505A of the Food, Drug and Cosmetic Act for a period of pediatric exclusivity until June 28, 2011. Teva denies the remaining allegations of paragraph 20 of the Complaint.

21.   Teva admits that the Complaint purports to state an action that arises under 35 U.S.C. § 271(e)(2). Teva further admits that it filed an Abbreviated New Drug Application seeking approval from the Food and Drug Administration to engage in the commercial manufacture, use or sale of a product containing atorvastatin calcium as an active ingredient prior to the expiration of the '995 patent. Teva denies the remaining allegations of paragraph 21 of the Complaint.

22.   Teva denies the allegations of paragraph 22 of the Complaint.

23.   Teva denies that Pfizer is entitled to the judgment and relief prayed for in paragraphs A through E of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

24. The manufacture, use, offer for sale, sale or importation of the atorvastatin calcium tablets that are the subject of ANDA 78-773 does not and will not infringe any valid claim of the '995 patent.

**SECOND AFFIRMATIVE DEFENSE**

25. Claims of the '995 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103, 112 and/or for double patenting.

June 27, 2007                                    THE BAYARD FIRM

/s/ Ashley B. Stitzer (as3891)
Richard D. Kirk
Ashley B. Stitzer
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardfirm.com
astitzer@bayardfirm.com

Counsel for Defendant
*TEVA PHARMACEUTICALS USA, INC.*

OF COUNSEL:

David M. Hashmall
Frederick H. Rein
Emily L. Rapalino
Joseph B. Crystal
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY  10022
(212) 813-8800

663845-1                                    - 4 -

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 27, 2007, she electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Rudolf E. Hutz, Esquire
Jeffrey B Bove, Esquire
Mary W. Bourke, Esquire
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207

The undersigned counsel further certifies that copies of the foregoing document were sent by email and by hand on June 27, 2007 to the above counsel.

/s/ Ashley B. Stitzer (as3891)
Ashley B. Stitzer

663847-1